1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11    YVONNE EVANS and BILL EVANS,            No. 2:21-cv-00471-TLN-DB

12                    Plaintiffs,

13         v.                                 **ORDER**

14    COUNTY OF NEVADA, a public entity,
      KEITH ROYAL, in his capacity as an
15    individual, and DOES 1 through 10,
      inclusive,
16
                      Defendants.
17

18

19         This matter is before the Court on Defendants County of Nevada ("County") and Keith

20    Royal (collectively, "Defendants") Motion to Dismiss.  (ECF No. 7.)  Plaintiffs Yvonne Evans

21    and Bill Evans (collectively, "Plaintiffs") oppose the motion.  (ECF No. 9.)  Defendants replied.

22    (ECF No. 12.)  For the reasons discussed herein, the Court GRANTS Defendants' Motion to

23    Dismiss.

24    ///

25    ///

26    ///

27    ///

28    ///

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs were employees at the Nevada County Sheriff's Office until 2011.  (ECF No. 1 at 1–2.)  Plaintiffs allege Yvonne Evans was terminated on May 23, 2011, and Bill Evans was forced to resign on December 31, 2011.  (*Id.* at 2.)  The events at issue in this case, however, took place in 2018.  More specifically, Plaintiffs allege they lost a jury trial in state court involving allegations that the County retaliated against them for making discrimination claims while they were employed by the Sheriff's Office.  (*Id.* at 3.)  Plaintiffs allege that on June 21, 2018, the state court granted Plaintiffs' motion for a new trial based on jury misconduct.  (*Id.*)  On July 5, 2018, the County allegedly notified Yvonne Evans that she needed to pay child support for her son because her ex-husband was no longer working.  (*Id.*)  Plaintiff alleges she paid the child support, yet the County nonetheless sought garnishment of wages from her current employer for child support and health insurance.  (*Id.* at 3–4.)  Plaintiffs claim Defendants ordered the wage garnishment in retaliation for Plaintiffs' actions seeking and obtaining an order granting a new trial in their state court case against the County.  (*Id.* at 5.)

On March 15, 2021, Plaintiffs initiated this action against Defendants, asserting a single 42 U.S.C. § 1983 ("§ 1983") claim.  (ECF No. 1.)  Plaintiffs allege Defendants' aforementioned actions violate the Equal Protection Clause of the Fourteenth Amendment.  (*Id.* at 6.)  On July 29, 2021, Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (ECF No. 7.)

II.    STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to

define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Thus, '[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.*  This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Id.* at 679.  Thus, only where a plaintiff fails "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed.  *Id.* at 680 (internal quotations omitted).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile).

### III.   ANALYSIS

Plaintiffs allege a single § 1983 claim against Defendants for retaliating against them in violation of the Equal Protection Clause.  (ECF No. 1 at 6.)  Plaintiffs allege they are members of a protected class of "former employees of [the County] who opposed discrimination by seeking and obtaining a new trial against [the County] for claims based on retaliation for making claim of sexual harassment."  (ECF No. 1 at 6.)  Plaintiffs further allege "[u]nlike other employees of the Nevada County Sheriff's Department who did not file complaints of discrimination or oppose it, Plaintiffs were subjected to improper wage garnishment post-termination."  (*Id.*)

"The Equal Protection Clause of the Fourteenth Amendment commands that no state shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).  Normally, to state an equal protection claim "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).

In moving to dismiss, Defendants argue, among other things, that Plaintiffs' retaliation claim is not viable as an Equal Protection claim.  (ECF No. 7-1 at 5.)  In opposition, Plaintiffs rely on a single, out-of-circuit case.  (ECF No. 9 at 1–2 (citing *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72 (2d Cir. 2015)).)  Plaintiffs argue *Vega* "support[s] their position that they

4

1  are members of a protected class for purposes of § 1983." (*Id.* at 3.)  In *Vega*, the Second Circuit

2  concluded that a claim of retaliation for a filing a discrimination complaint was actionable under

3  the Equal Protection Clause.  801 F.3d at 81.  However, *Vega* is at odds with recent Ninth Circuit

4  authority.  In *Doe v. Pasadena Unified Sch. Dist.*, 810 F. App'x 500, 502 (9th Cir. 2020), the

5  Ninth Circuit found that the plaintiff's Equal Protection claim failed because the defendant

6  retaliated against the plaintiff "not because of her immigration status, but rather because of her

7  threat to complain" about the defendant's school lunch policy.  *Id.* at 503.  The court explained

8  that the plaintiff's claim "amount[ed] to a First Amendment retaliation claim, not an Equal

9  Protection claim." *Id.* at 502.  Notably, the "vast majority of circuit courts . . . have held that the

10  Equal Protection Clause cannot sustain a pure claim of retaliation" under similar circumstances.

11  *Wilcox v. Lyons*, 970 F.3d 452, 461 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 2754 (2021) (citing

12  cases from the Third, Fifth, Sixth, Seventh, Tenth, and Eleventh Circuits and noting that the

13  Second Circuit is the only court to reach a contrary conclusion).  Plaintiffs fail to persuade the

14  Court that it should follow the Second Circuit rather than the Ninth Circuit and majority of other

15  circuit courts that have confronted this issue.

16      For all these reasons, the Court concludes Plaintiffs' claim of retaliation based on moving

17  for a new trial as to discrimination claims against the County — not based on any protected

18  characteristics — is not viable as an Equal Protection claim.  Because the Court cannot say the

19  Complaint could not possibly be cured by amendment, the Court will grant Plaintiffs leave to

20  amend.  *Lopez*, 203 F.3d at 1130.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1

**IV.   CONCLUSION**

2        Based on the foregoing, the Court hereby GRANTS Defendants' Motion to Dismiss (ECF

3   No. 7) with leave to amend.  Plaintiffs shall file an amended complaint not later than thirty (30)

4   days from the electronic filing date of this Order.  Defendants' responsive pleading is due twenty-

5   one (21) days after the electronic filing date of Plaintiffs' amended complaint.  If Plaintiffs

6   choose not to amend the Complaint, the case will be automatically dismissed.

7        IT IS SO ORDERED.

8   DATED:  January 31, 2022

9

10

11        _____

12        Troy L. Nunley
          United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28